UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA RICHARD RUOFF,

Petitioner,

v.

PATRICK COVELLO, et al.,

Respondents.

Case No. 22-cv-01207-JST

**ORDER GRANTING STAY**

Re: ECF No. 8

Petitioner Joshua Richard Ruoff has filed a motion to stay his federal habeas petition pending the completion of exhaustion proceedings in state court. ECF No. 8. The Court will grant the motion.

I. **BACKGROUND**

On June 29, 2018, a jury found Ruoff guilty of first-degree murder and use of a deadly weapon. ECF No. 1 at 21-22. Ruoff was sentenced of to a term of 26 years to life. *Id.* The California Court of Appeal affirmed the judgment and sentence, and the California Supreme Court denied his petition for review. *Id.* After the California Supreme Court denied his petition, Ruoff filed a federal petition for a writ of habeas corpus, which raised two exhausted and six unexhausted claims. *Id.* at 22. Ruoff now seeks a *Rhines* stay, or in the alternative, a *Kelly* stay to allow him to complete state court exhaustion proceedings. *Id.* Respondent Patrick Covello filed a statement of non-opposition as to the *Kelly* stay, ECF No. 9, and Ruoff replied, ECF No. 10.

II. **LEGAL STANDARD**

"Habeas petitioners have long been required to adjudicate their claims in state court—that is 'exhaust' them—before seeking relief in federal court." *King v. Ryan*, 564 F.3d 1133, 1138 (9th

1  Cir. 2009) (citing cases). This rule includes petitions that contain both exhausted and unexhausted
2  claims. *Id*. (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Due to the one-year statute of
3  limitations for filing habeas petitions in federal court, "petitioners whose mixed petitions were
4  dismissed [for failure to exhaust claims] r[u]n the risk of being time-barred from bringing their
5  claims again, once exhausted, in federal court." *Id*. A petitioner may avoid this problem by
6  moving for a stay.

7  In this case, Ruoff moves for a stay under *Rhines v. Weber*, 544 U.S. 269, 278 (2005).
8  ECF No. 8. A *Rhines* stay is only appropriate "if the petitioner had good cause for his failure to
9  exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the
10 petitioner engaged in intentionally dilatory litigation tactics." *Id*. Covello opposes a *Rhines* stay,
11 but provides no substantive argument against the issuance of one. ECF No. 9.

12 In the alternative, Ruoff move for a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir.
13 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). ECF No.
14 8 at 17. "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any
15 unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted
16 petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted
17 claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims
18 to the original petition." *King*, 564 F.3d at 1135. Under *Kelly*, a petitioner is not required to show
19 good cause, but rather must demonstrate that the newly exhausted claims share a "common core of
20 operative facts," with the original claims and that they comply with the applicable statute of
21 limitations. *Id.* at 1134 (citing *Kelly*, 315 F.3d at 1070-71). Covello does not oppose a *Kelly* stay.
22 ECF No. 9.

23 **III.    DISCUSSION**
24     **A.    Good Cause**

25 The Court finds that Ruoff has established good cause for his failure to exhaust his new
26 claims earlier. Ruoff did not have counsel before August 2021, and his bipolar disorder diagnosis
27 hindered his ability to complete the tasks necessary to identify and develop complex new claims
28 on his own. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) (finding good cause existed, in

part, due to petitioner's substantiated history of mental illness); *Lynch v. Baughman*, No. CV 18-3020-DOC (AGR), 2019 WL 4454509, at *2 (C.D. Cal. Aug. 6, 2019), *report and recommendation adopted*, 2019 WL 4447953 (C.D. Cal. Sept. 16, 2019) (same); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (finding petitioner's lack of counsel in state post-conviction proceeding constituted good cause for failure to exhaust). "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721-22.

### B. Potential Merit of Unexhausted Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Id.* at 722. A claim is not plainly meritless unless "it is perfectly clear that the petitioner has no hope of prevailing." *Id.*; *Casett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Here, Ruoff has filed a lengthy petition containing allegations that are neither vague, conclusory, nor patently frivolous. His claims are well-supported by specific averments and numerous exhibits, and he has articulated cognizable claims supported by relevant legal authority. Based on its review of the record, the Court finds that Ruoff's unexhausted claims are not "plainly meritless."

### C. Intentional Delay

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Here, Ruoff explains that the delay is due to his bipolar disorder, lack of counsel before August 2021, and the complexity of the new claims. Nothing in the record supports a finding of "dilatory litigation tactics." *See Wallin-Reed v. Arnold*, No. 2:17-cv-01495 TLN CKD P, 2018 WL 2563592, at *2 (E.D. Cal. June 4, 2018), *report and recommendation adopted*, 2018 WL 4566885 (E.D. Cal. Sept. 21, 2018) (finding that "a delay in order to obtain counsel prior to filing a state habeas petition" does not constitute an abusive litigation tactic); *Fleming v. Cate*, No. 1:09-cv-01765-SMS (HC), 2009 WL 3379122, at *1 (E.D. Cal. Oct. 19, 2009) (finding no dilatory tactics

1 where counsel needed to review thousands of pages of materials, engage in an investigation, and research issues).  Nor does Covello argue that Ruoff engaged in such tactics.  The Court therefore finds that Ruoff satisfies *Rhines's* third prong.

## CONCLUSION

1. Ruoff's motion for a *Rhines* stay, ECF No. 8, is granted and the action is stayed while Ruoff exhausts his unexhausted claims in the state courts.  Because the Court finds that a *Rhines* stay is warranted, the Court does not reach the question of whether a stay is warranted under *Kelly.  See Hernandez-Delgado v. Atchley*, No. 20-CV-08108-LHK, 2021 WL 3602319, at *4 (N.D. Cal. Aug. 13, 2021).

2. If Ruoff is not granted relief in state court, he may return to this Court and ask that the stay be lifted.  To do so, Ruoff must notify the Court within **thirty (30) days** from the date the California Supreme Court completes its review of Ruoff's claims.  The notice must clearly identify in the caption that it is to be filed in Case No. 22-cv-01207-JST.  Upon Ruoff's filing that his claims have been exhausted, the stay will be lifted, the case will be reopened and the Court will schedule further proceedings.

3. If Ruoff does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

4. The clerk shall administratively close the file pending the stay of his action.  This has no legal effect; it is purely a statistical procedure.

**IT IS SO ORDERED.**

Dated: June 14, 2022



JON S. TIGAR
United States District Judge