UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RICHARD RUOFF,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Respondents. | Case No. 22-cv-01207-JST<br><br>**ORDER GRANTING PETITIONER'S MOTION TO AMEND HABEAS PETITION AND MOTION TO STAY**<br><br>Re: ECF No. 16 |

Before the Court is Petitioner Joshua Ruoff's motion to amend his federal habeas petition and stay the decision on the petition pending exhaustion of his new claims in state court. ECF No. 16. The Court will grant the motion.

I.     BACKGROUND

On June 29, 2018, a jury found Ruoff guilty of the first-degree murder of Timothy Sweeting and found the special allegation regarding use of a deadly weapon true. ECF No. 1 at 21–22. Ruoff was sentenced to a term of 26 years to life. *Id.* The California Court of Appeal affirmed the judgment and sentence, and the California Supreme Court denied Ruoff's petition for review. *Id.* Ruoff then filed a federal petition for a writ of habeas corpus, which raised two exhausted and six unexhausted claims. *Id.* at 22. Ruoff sought, and this Court granted, a *Rhines* stay to allow him to complete state court exhaustion proceedings. ECF No. 15; *Rhines v. Weber*, 544 U.S. 269 (2005). On March 3, 2022, Ruoff filed a petition for a writ of habeas corpus in the Mendocino County Superior Court, seeking to exhaust his claims. ECF No. 16 at 6. Discovery proceedings in the state court are ongoing. *Id.*

Based on discovery provided to him through October 2023, after the initial petition was filed in state court, Ruoff seeks to amend his federal petition with three new unexhausted claims:

"(1) the prosecution withheld material and exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the prosecution failed to preserve exculpatory evidence in violation of *California v. Trombetta*, 467 U.S. 479 (1984); and (3) petitioner's conviction should be vacated due to outrageous governmental misconduct. *Id.* at 6–7.

Ruoff states that "[t]he prosecutor argued at trial that [P]etitioner 'bashed' Sweeting's 'head in' with a baseball bat in the presence of prosecution witness Tyler Marschok." *Id.* at 8. Ruoff alleges that the prosecution did not provide Ruoff's trial counsel with a copy of the computer aided dispatch report or the audio recording of Mr. Marschok's calls with the Mendocino County Sheriff's Office ("MCSO")—which were material and could have been used to impeach Mr. Marschok's trial testimony. ECF No. 16-5 at 53–54. Ruoff further alleges that the MSCO attempted to conceal the existence of this evidence by providing false hard drives to Ruoff's forensic computer expert Jon Berryhill. *Id.* at 54–55. Ruoff contends that other material evidence was withheld—including the report of Deputy Sheriff Munoz, who interviewed Mr. Marschok; call detail records for Mr. Marschok's cell phone; and investigations pending against prosecution witness John Overend. *Id.* at 57–64. When Deputy Sheriff Munoz's report and Mr. Marschok's cell records were finally produced, Ruoff alleges they revealed the prosecution's failure to preserve exculpatory evidence. *Id.* at 57–58, 67–68. Finally, Ruoff alleges that the government's failure to disclose material and exculpatory evidence taken together with their active efforts to conceal such evidence supports his claim of outrageous governmental misconduct. *Id.* at 69–72.

## II.  MOTION TO AMEND

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242. *Calderon v. U.S. Dist. Ct. for N. Dist. of Cal.*, 144 F.3d 618, 620 (9th Cir. 1998); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1226 (1996). Under Rule 15(a), once a responsive pleading has been filed, a petitioner must seek leave of court before being allowed to amend. Fed. R. Civ.

2

P. 15(a). Although, under the rule, "leave shall be freely given when justice so requires," *id.*, courts generally consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin*, 59 F.3d at 845. The Ninth Circuit has held that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (internal citations omitted). A district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Of the five factors that district courts assess in determining whether to grant a motion to amend, only futility is in question here. *Bonin*, 59 F.3d at 845. Ruoff argues, and Respondents do not disagree, that there is no "bad faith or prejudice to the respondent," in allowing an amendment to his habeas petition. ECF No. 16 at 15. Ruoff also argues that his amendment is timely as the "new claims are all based on discovery provided to him up to and including October 2, 2023." *Id.* (citing 28 U.S.C. § 2244(d)(1)(D) (providing a one-year statute of limitations for claims based on newly discovered evidence.)).

Respondents contend, however, that "amendment of the petition would be futile" because it would result in a "'mixed petition' subject to dismissal" under *Rose v. Lundy*, 455 U.S. 509, 522 (1982). ECF No. 17 at 2. Respondents further argue that if Section 2244(d)(1)(D) applies, the law entitles Ruoff to statutory tolling "for the entire time he is pursuing his state court remedies." *Id.* Ruoff responds that there have been cases where "wardens contend that a state court petition was not 'properly filed' and on that basis, . . . have incorrectly urged federal courts to deny statutory tolling and to dismiss federal habeas claims as untimely. E.g., *Artuz v. Bennett*, 531 U.S. 4, 10–11 (2000)." ECF No. 18 at 3–4.

The Court finds that amendment would not be futile. First, a mixed petition would not necessarily result in dismissal. The Supreme Court has found that a district court may stay mixed petitions to allow the petitioner to exhaust his claims in state court when there was good cause for the petitioner's failure to exhaust. *Rhines*, 544 U.S. at 277. Thus, the fact that the amendment would result in a mixed petition is of no moment. Second, with respect to futility, the "[d]enial of

3

a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Henderson v. Muniz*, No. 14-cv-01857-JST, 2018 WL 6331008, at *3 (N.D. Cal. Dec. 4, 2018) (quoting *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010)). The Court concludes that Ruoff's belt-and-suspenders approach to amending his federal petition concurrently with his state petition in order to avoid concerns about whether his claims were properly tolled under AEDPA is appropriate. The Court will not deny leave to amend on the basis of futility. Ruoff's motion for leave to amend the petition is granted.

### III. MOTION FOR STAY

Before bringing a habeas corpus petition in federal court, habeas petitioners must first exhaust remedies in state court. 28 U.S.C. §§ 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133–34 (1987), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1226 (1996); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). To satisfy the exhaustion requirement, petitioner must "'fairly present' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[ ] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (internal citations omitted).

If a federal habeas petition contains both exhausted and unexhausted claims—which is known as a "mixed" petition—the district court may properly stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines*, 544 U.S. 269. A petitioner must: (1) show good cause for his failure to exhaust; (2) explain how his unexhausted claims are potentially meritorious; and (3) demonstrate that he did not intentionally engage in dilatory litigation tactics. *Id.* at 278.

Respondents do not oppose Ruoff's motion to stay under *Rhines*. Nevertheless, the Court analyzes whether Ruoff has met the requirements of a *Rhines* stay.

#### A. Good Cause

Good cause for a *Rhines* stay does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). The good cause standard is "equitable" in

4

nature and is designed to allow petitioners a fair opportunity to obtain federal review of their claims. *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014). Accordingly, a "reasonable excuse" that is "supported by sufficient evidence" constitutes good cause. *Id.* at 982.

The Court finds that Ruoff has established good cause for his failure to exhaust his new claims at an earlier time. Ruoff's new claims are based on evidence outside the trial record obtained through discovery through October 2023, after the initial petition was filed. ECF No. 16 at 17. Ruoff explained he has only been able to obtain that material after "extensive efforts and litigation in the Superior Court." *Id.* at 15. Thus, these claims could not have been raised in Ruoff's direct appeal.

### B. Potential Merit of Unexhausted Claims

A federal habeas petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" to obtain a stay under *Rhines*. 544 U.S. at 270. A claim is not plainly meritless unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (internal citations omitted). Here, Ruoff's amended petition contains allegations that are neither vague, conclusory, nor patently frivolous. ECF No. 16-5. His claims are well-supported by several exhibits, and he has articulated cognizable claims supported by relevant legal authority. The Court finds that Ruoff's new unexhausted claims are not "plainly meritless."

### C. Intentional Delay

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Here, Ruoff promptly filed his new state court petition, and has amended that petition to include his new claims. He has also concurrently and promptly amended his federal petition. The Court therefore finds that Ruoff satisfies *Rhines'* third prong.

## CONCLUSION

For the foregoing reasons:

1. Ruoff's motion to amend his federal habeas petition is granted.

2. Ruoff's motion for a *Rhines* stay is granted and the action is stayed while Ruoff exhausts his unexhausted claims (including his three new claims) in the state courts.

3. If Ruoff is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, Ruoff must notify the Court within **thirty (30) days** from the date the California Supreme Court completes its review of Ruoff's claims. The notice must clearly identify in the caption that it is to be filed in Case No. 22-cv-01207-JST. Upon Ruoff's filing that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

4. If Ruoff does not take any further action, this case will remain stayed, and he will not receive any ruling from the Court on his petition.

5. The clerk shall administratively close the file pending the stay of his action. This has no legal effect; it is purely a statistical procedure.

**IT IS SO ORDERED.**

Dated: June 11, 2024



_____
JON S. TIGAR
United States District Judge